[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11317
Non-Argument Calendar
_____

D.C. Docket Nos. 2:18-cr-00122-MHT-WC-1,
2:17-cr-00338-MHT-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TANYA LEE ENGLISH,
a.k.a. Tanya Lee Roberts,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 16, 2020)

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Tanya English appeals her conviction and sentence after pleading guilty to being a felon in possession of a firearm.  She makes three arguments.  First, she contends that her guilty plea is invalid because the lower court failed to address whether she knew she was a felon at the time she possessed the firearms.  Second, she argues that the lower court failed to properly calculate her Sentencing Guidelines range.  Finally, English argues that her felon-in-possession conviction violates the Second Amendment.  After careful review, we reject her challenges.

I.

A grand jury indicted English for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  She was also the subject of a separate indictment for multiple counts of wire fraud and aggravated identity theft.  Although she initially pleaded not guilty to the felon-in-possession charge, she later filed a notice of intent to change her plea.  She then entered into a plea agreement with the government and consented to enter a guilty plea before a magistrate judge.  As relevant here, the plea agreement explained the elements of her felon-in-possession offense, including that before possessing a firearm she had been "convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense."  The plea agreement also included an appeal waiver in which English "expressly waive[d] any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence" except for claims of

2

ineffective assistance of counsel or prosecutorial misconduct.  The magistrate judge held a hearing to consider her change of plea and the plea agreement itself.  After a colloquy with English, the magistrate judge accepted her guilty plea.

The case then went to sentencing, where it was consolidated with English's separate wire fraud case.  On the wire fraud and aggravated identity theft charges, English was sentenced to a total of 84 months' imprisonment.  And on the felon-in-possession charge, she was sentenced to 60 months' imprisonment, to be served concurrently with her other sentence.  English appealed both.  In this case, she challenges both her conviction and sentence on the felon-in-possession charge.

## II.

English challenges her conviction and sentence on three grounds.  We reject all three.

English first argues that, after *Rehaif v. United States*, 139 S. Ct. 2191 (2019), her guilty plea to the felon-in-possession charge is invalid because it was not knowing and voluntary.  In *Rehaif*, the Supreme Court held that to convict a defendant under 18 U.S.C. §§ 922(g) and 924(a)(2) it must be proven both that the defendant knew that she "possessed a firearm" and that she knew she "belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.  English says that the magistrate judge failed to ensure that she understood the nature of the charge—that, by pleading guilty, she was admitting that she knew

3

her status as a felon at the time she possessed the firearms. *See* Fed. R. Crim. P. 11(b)(1)(G) (before accepting a guilty plea the court must inform the defendant of "the nature of each charge to which the defendant is pleading").

Because English did not challenge the validity of her guilty plea below, we review this argument for plain error. *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020). Plain error occurs where: (1) there is an error; (2) that is plain; and (3) that affects the defendant's substantial rights. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). If all three conditions are met, we may choose to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* For the third prong of plain-error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). In the guilty plea context, that means showing "a reasonable probability that, but for the error, [she] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The first two elements of plain error are present here. The lower court erred by failing to address English's knowledge of her status as a felon. *See United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020). And that error is plain because "it is evident at the time of appellate review." *Id.*

But English fails to satisfy the third element of plain-error review. She has not shown "a reasonable probability that, but for the error, [she] would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83. In her plea colloquy, for example, she affirmed that prior to possessing a firearm she had been "convicted of a crime punishable by imprisonment for a term in excess of one year." What's more, the presentence report detailed multiple prior felony convictions that resulted in sentences exceeding one year. "And someone who has been convicted of felonies repeatedly is especially likely to know [she] is a felon." *Innocent*, 977 F.3d at 1082. Moreover, like the defendant in *Bates*, English "did not object to or express any confusion about the government's assertion" that she had committed prior felonies. 960 F.3d at 1296. So taken together, she has not demonstrated a reasonable probability that, absent the error, she would not have entered a guilty plea. *Dominguez Benitez*, 542 U.S. at 83.[1]

English's other arguments fail as well. She claims that the district court made incorrect findings at sentencing and erred when calculating the loss amount related to her wire fraud and aggravated identity theft case. She argues that these alleged errors resulted in a miscalculation of the Guidelines range for her § 922(g)

---

[1] English also contends that the lower court "lacked jurisdiction to accept a guilty plea from English in the first place, because the plea was based on an indictment that omitted an essential element of the charged crime." But we have already rejected this argument. *See United States v. Moore*, 954 F.3d 1322, 1336–37 (11th Cir. 2020); *Bates*, 960 F.3d at 1295.

5

conviction.  And she also contends that § 922(g) violates the Second Amendment as applied to the facts of her case.  The government argues in response that English waived these challenges in her appeal waiver.  We agree.

We review the validity of that waiver de novo.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  An appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id*.  A valid appeal waiver "includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

English's appeal waiver is valid.  English "expressly waive[d] any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence" except for claims of ineffective assistance of counsel or prosecutorial misconduct.  And during the plea colloquy, the magistrate judge specifically questioned her about that waiver and confirmed that the decision to enter it was English's alone.  The magistrate judge also explained the waiver's exceptions and confirmed that English had consulted with her counsel about it.  And she later affirmed that her

6

appeal waiver "waive[d] her right to appeal all issues except for claims of ineffective assistance of counsel or prosecutorial misconduct." Taken together, the record shows that English understood the significance of her appeal waiver. *See, e.g.*, *United States v. Marc*, 806 F. App'x 820, 823–24 (11th Cir. 2020). Given that, we dismiss her remaining challenges as barred by her appeal waiver.

That said, even if we were to consider her argument that § 922(g) violates the Second Amendment as applied to her, we would reject it. She did not raise this argument below, so it is reviewed for plain error. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). There is "no plain error where there is no precedent from the Supreme Court or this Court directly resolving" the issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). English has not cited any law from the Supreme Court or this Court holding that § 922(g) is unconstitutional as applied to defendants like her.

**AFFIRMED IN PART; DISMISSED IN PART.**