[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14607
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00002-WLS-TQL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC LEE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 17, 2021)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Lee Brown appeals his conviction by guilty plea for knowingly and

willfully operating and attempting to operate an aircraft eligible for registration by

the Federal Aviation Administration ("FAA"), while knowing that the aircraft was not registered, in relation to facilitating the felony of possessing marijuana with the intent to distribute, in violation of 49 U.S.C. § 46306(b)(6)(A) and (c)(2).  He argues that, at his plea hearing, the district court plainly erred by failing to ensure that he understood the nature of the charge against him, which rendered his guilty plea constitutionally involuntary.  After careful review, we affirm the district court's acceptance of Brown's guilty plea.[1]

## I.

On March 29, 2018, at around 10:30 p.m., law enforcement officers responded to a call about a vehicle on a dirt road near a state prison in Georgia.  Officers stopped the vehicle and asked Brown to step out.  In the passenger area of the backseat, officers could see two clear plastic bags containing what was later confirmed to be marijuana.  They also saw a drone.  Further search of the vehicle revealed a roll of plastic vacuum wrap, several clear plastic bags, rolling papers for cigars or cigarettes, five cell

---

[1] As a preliminary matter, we reject the government's invitation to hold that we are precluded from reviewing any of Brown's claims because he invited any error in the district court's acceptance of his plea by his statements at the plea hearing and by ultimately entering the plea.  Brown's agreements and concessions during the plea hearing did not constitute an affirmative or strategic decision that invited the district court to accept his plea or to explain the relevant law in the manner he alleges was error.  See United States v. Jernigan, 341 F.3d 1273, 1290 (11th Cir. 2003) (explaining, in applying invited-error doctrine, that "a criminal defendant may not make an affirmative, apparently strategic decision at trial and then complain on appeal that the result of that decision constitutes reversible error").

phones, and an iPad.  A pat-down of Brown's person revealed a large roll of tape commonly used to bind contraband packages.

The drone's programming revealed that it was first activated on March 23, 2018, and that it was registered to work with the iPad in Brown's possession.  The drone and iPad both contained videos of Brown practicing drone flights.  Officers also obtained surveillance video from a Best Buy store, which showed Brown purchasing the drone about a week before the traffic stop.  Search of the cell phones revealed text messages between Brown and a person identified in the phone as "Brah$$$," which discussed a plan for Brown to get a drone, package marijuana, and fly the drone with the marijuana as cargo in exchange for $3,000.  Brown also sent Brah$$$ a message with a screenshot of the drone he was considering purchasing, which showed that he was shopping at Best Buy's online store.

A grand jury charged Brown with a drug offense and two offenses related to his ownership and operation of a drone.  Brown ultimately agreed to plead guilty to Count Three, regarding his ownership and operation of the drone, in exchange for the government dropping the other two charges.  Specifically, Count Three charged Brown with "knowingly and willfully operat[ing] and attempt[ing] to operate an aircraft eligible for registration" by the FAA, "knowing that the aircraft was not registered and said operation related to the facilitating of a controlled substance

3

offense punishable by more than one year imprisonment," in this case, possession with intent to distribute marijuana, in violation of 49 U.S.C. § 46306(b)(6) and (c)(2).

The plea agreement set forth the relevant facts described above. It also described evidence showing Brown would have seen several instructions to check the FAA website for requirements to register the drone. Despite this, Brown did not register the drone found in his possession and did not have a valid aircraft operating license.

Brown stipulated to these facts and therefore admitted: (1) he owned an unregistered drone; (2) the drone was an aircraft eligible for registration under Title 49; (3) he knowingly and willfully operated, and attempted to operate the drone, when the drone was not registered and when he did not have an airman's license; and (4) he operated the drone with the intent to deliver marijuana into a Georgia state prison. He signed the plea agreement, which certified that he read it, discussed it with his counsel, fully understood it, and agreed to its terms. Brown also initialed each page of the plea agreement, which included its factual proffer.

At the plea hearing, the government summarized the terms of Brown's agreement to plead guilty to Count Three. The government noted the offense was punishable by a maximum of 5 years' imprisonment and/or a

fine of up to $250,000, a maximum supervised-release term of 3 years, and a $100 mandatory assessment fee.

Brown was sworn in and testified that he received a copy of the indictment, that his counsel reviewed it with him and explained it to him, and that he was fully satisfied with his counsel's representation up to that point. The district court verified that Brown had a copy of the plea agreement in front of him, and when it asked him if he had the opportunity to review and discuss it fully with his counsel, Brown responded, "[t]horoughly." The district court then reviewed the indictment with Brown and read Count Three aloud. Brown expressed confusion at his five-year maximum sentence imposed under the penalty provision in 49 U.S.C. § 46306(c)(2), in light of Count Three's requirement that the offense he facilitated be punishable by a minimum of one year's imprisonment. However, Brown said he understood after clarification from the court. The court told Brown to ask a question any time "it's something you are not clear on," so that the court could explain it.

The court then told Brown that it would describe the elements the government would have to prove beyond a reasonable doubt before Brown could be found guilty of Count Three. Brown said he understood each of these elements and said he did not have any questions about what the government would have to prove. After the district court addressed the consequences of Brown's guilty plea,

the government recounted the evidence it was prepared to present at trial, which was substantially the same as the plea agreement's factual basis. Brown acknowledged that the government's description was a fair statement of the facts. However, when the court asked Brown if there was anything he wished "to correct or add," this sparked a lengthy colloquy about Brown's intent.

Brown said: "I didn't intend to do it, and I was just kind of just out there trying to just get the money out of the prison. . . . I mean, I just had to act and go along as if I was going to actually do it. . . . I was actually leaving." The district court found that because Brown acquired the marijuana—and even if he did not intend to fly it into the prison—that qualified as a "substantial step" to completing the offense. The court said that was legally sufficient to prove intent, and Brown said he understood. Brown confirmed his understanding.

Based on these facts, the district court found there was a sufficient basis to support Brown's guilty plea. Brown confirmed he was pleading guilty because he believed he was guilty. The court accepted Brown's plea and sentenced him to 48 months' imprisonment and 3 years' supervised release. Brown timely appealed the judgment.

## II.

A guilty plea involves relinquishment of several constitutional rights and privileges. United States v. Presendieu, 880 F.3d 1228, 1238 (11th Cir. 2018). It must therefore be entered voluntarily and knowingly. Id. We ordinarily review de novo the voluntariness of a guilty plea. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). However, when a defendant neither objects to plea proceedings nor moves to withdraw the plea in the district court, we review for plain error only. United States v. Monroe, 353 F.3d 1346, 1349 & n.2 (11th Cir. 2003). We may reverse an error that was plain and that affects the defendant's substantial rights, provided it also seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Innocent, 977 F.3d 1077, 1081 (11th Cir. 2020). An error is plain if it is clear or obvious. Monroe, 353 F.3d at 1352.

We ordinarily review de novo questions of constitutional law. United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004). However, we review constitutional challenges not raised before the district court for plain error only. United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005) (per curiam).

## III.

Brown makes three arguments on appeal. First, he says that the district court violated Federal Rule of Criminal Procedure 11(b)(1)(G) by misstating the law of

attempt and failing to explain that Brown must have had actual knowledge that the aircraft was eligible for FAA registration. Second, he argues the factual basis for his guilty plea was insufficient under Rule 11(b)(3). Finally, he claims that because he did not know the mens rea applicable to attempt when he was pleading guilty, his guilty plea is involuntary, in violation of his constitutional rights.

## A.     KNOWING AND VOLUNTARY PLEA

Before a court accepts a guilty plea, it must find that the defendant understands the nature of the charge to which he is pleading. Fed. R. Crim. P. 11(b)(1)(G). This inquiry turns on a variety of factors, "including the complexity of the offense and the defendant's intelligence and education." United States v. Telemaque, 244 F.3d 1247, 1249 (11th Cir. 2001) (per curiam).

The charge to which Brown pled guilty required him to admit he "knowingly and willfully operate[d] or attempt[ed] to operate an aircraft eligible for registration" under 49 U.S.C. § 44102, "knowing that" (1) the aircraft is not registered under 49 U.S.C. § 44103; or (2) the certificate of registration is suspended or revoked; or (3) he did not "have proper authorization to operate or navigate the aircraft without registration for a period of time after transfer of ownership."[2] 49 U.S.C. § 46306(b)(6). Brown was convicted for attempt under

---

[2] That Brown possessed marijuana, a controlled substance, impacted the penalty he faced. See 49 U.S.C. § 46306(c)(2).

the statute because there was no proof he actually operated the drone to deliver marijuana. To sustain a conviction for attempt, the government must prove that the defendant: (1) had the specific intent to engage in the criminal conduct for which he is charged; and (2) took a substantial step toward commission of the offense. United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004).

Brown argues the district court plainly erred by misstating the law when it told him he would be guilty of attempt because he took a substantial step towards completing the offense. He says this misstatement led him to plead guilty "under the mistaken impression that it didn't matter whether he intended to complete the offense," because if he did not intend to follow through with the plan to use the drone to deliver drugs to the prison, he acted neither knowingly nor willfully.

Brown's argument fails. He reads the penalty provision in 49 U.S.C. § 46306(c)(2) as requiring proof that he intended to complete the controlled substance offense. But the plain language of the statute under which Brown was charged criminalizes only the knowing and willful attempt to operate an aircraft knowing that the aircraft was not authorized under the FAA. See 49 U.S.C. § 46306(b)(6). Section 46306(b)(6) does not impute any mens rea for facilitating a controlled substance violation. And here the district court explained what the government would have to prove at trial to convict Brown under § 46306(b)(6). Brown confirmed that he understood the explanation and had no questions about

9

the government's burden of proof.  Contra Telemaque, 244 F.3d at 1249 (holding that the district court plainly erred when, among other things, it did not refer to the elements of the offense).  Therefore, the district court did not plainly err in explaining the conduct necessary to prove an attempt to violate this statute.  See Monroe, 353 F.3d at 1356 (describing Telemaque as a case in which there was "a total failure" to explain the charge).

## B.    FACTUAL BASIS FOR THE PLEA

Next, Brown argues that the District Court plainly erred when it did not explain that Brown must have had actual knowledge that the aircraft was eligible for registration.  Relatedly, Brown says the government's factual proffer was not sufficient to establish actual knowledge in violation of Federal Rule of Criminal Procedure 11(b)(3).

First, Brown argues that the term "knowingly" applies to all elements of the crime and the district court failed to explain that, in order to plead guilty under § 46306(b)(6), Brown "had to know that his drone was eligible for registration" under the FAA.  See Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191, 2196 (2019).  Brown would thus read § 46306(b)(6) as prohibiting "knowingly and willfully operat[ing] or attempt[ing] to operate an aircraft [knowing it was] eligible" for FAA registration.

Brown's argument has some merit. Similar to the way in which the Supreme Court read 18 U.S.C. § 922(g), § 46306(b)(6) "simply lists the elements that make a defendant's behavior criminal." Rehaif, 139 S. Ct. at 2196. When reading a relatively short statute such as § 46306(b)(6), we "read the statutory term 'knowingly' as applying to all the subsequently listed elements of the crime." Id. (quotation marks omitted); see id. ("This is notably not a case where the modifier 'knowingly' introduces a long statutory phrase, such that questions may reasonably arise about how far into the statute the modifier extends."). But we must not forget that we are required to review Brown's claim for plain error. And, because Rehaif interpreted § 922(g), not § 46306(b)(6), and no other court has applied the analysis in Rehaif to § 46306(b)(6), we cannot hold the district court plainly erred in its explanation of the elements of Brown's charge. See Moriarty, 429 F.3d at 1019 ("When neither the Supreme Court nor this Court has resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue."); Innocent, 977 F.3d at 1085 (holding there was no plain error when "[n]o precedent from the Supreme Court or this Court, or explicit language of a statute or rule, directly resolved the issue in [the defendant's] favor" (quotation marks omitted and alteration adopted)).

Brown next argues, based on the same "knowledge of eligibility" theory, that the factual proffer for his guilty plea was insufficient under Rule 11(b)(3). He

11

says the government admitted there was no evidence he visited the FAA's website, such that there is no evidence he knew the drone was an aircraft eligible for registration.

Before entering judgment on a guilty plea, a district court must determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). The court must determine whether the conduct to which the defendant admits constitutes the offense to which the defendant has pled guilty. United States v. Lopez, 907 F.2d 1096, 1100 (11th Cir. 1990). The standard is whether the court was presented with evidence from which it could reasonably find that the defendant was guilty. Id.

Here the district court's decision to accept Brown's plea was not so insufficient as to constitute plain error. As described above, the district court did not plainly err by not attributing the "knowingly" element of § 46306(b)(6) to its eligibility element. As such, the court did not plainly err by failing to tell Brown he needed to know that the aircraft was eligible for registration to ensure Brown understood he violated § 46306(b)(6). The factual proffer—which showed that Brown knowingly attempted to operate an unlicensed drone, an aircraft eligible for FAA registration—combined with Brown's admission of these facts, was sufficient to establish a factual basis for the plea. The district court did not plainly err by accepting the government's factual proffer.

12

## C.    DUE PROCESS

Finally, Brown argues that his due process rights were violated when he pled guilty without knowing the mens rea applicable to attempt and without knowing the requirement that he knowingly failed to register the drone.  Brown says the failure to notify him of a critical element of his crime is a structural error that renders his guilty plea constitutionally involuntary.

Brown relies on Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969), and Henderson v. Morgan, 426 U.S. 637, 96 S. Ct. 2253 (1976), to show the district court's error satisfies the plain-error standard and that the error is structural. In Boykin, the Supreme Court held that a trial judge plainly erred by accepting a guilty plea without an affirmative showing that it was intelligent and voluntary, and that it could not presume from a silent record that a defendant waived his trial rights.  395 U.S. at 239–40, 242–43, 89 S. Ct. at 1710–12.  In Henderson, the Court held the defendant's guilty plea to second-degree murder was involuntary where the record did not reflect any discussion of the elements or nature of the offense or any reference at all to the required element of intent.  426 U.S. at 642–45, 96 S. Ct. at 2256–58.

Brown's reliance on these cases, however, is misplaced.  As discussed above, Brown admitted to actually operating, and thus intending to operate, the drone by engaging in practice flights before he went to the prison.  And, on plain

13

error review, he cannot show he was required to know that his drone was eligible for registration to plead guilty to 49 U.S.C. § 46306(b)(6)(A) and (c)(2). See 49 U.S.C. § 46306(b)(6)(A), (c)(2). This being the case, the district court did not omit any elements of the offense at the plea hearing. Brown's case is thus distinct from Boykin, where the trial court failed to ensure that the guilty plea was voluntary and knowing at all, and distinct from Henderson, where the plea was not voluntary because the defendant was not informed of any of the elements of his offense. See Boykin, 395 U.S. at 242–43, 89 S. Ct. at 1711–12; Henderson, 426 U.S. at 642–46, 96 S. Ct. at 2256–58. Brown's constitutional error claim fails because the district court did not err, plainly or otherwise, by failing to inform him of any elements of his offense.

Further, even if the district court erred, any error was not structural. Moriarty, 429 F.3d at 1018 (applying plain error review to claim not raised before the district court). Under plain-error review, a defendant must also show the error affected his substantial rights, which is where the question of whether "the failure to submit an element of the offense to the jury is 'structural error' becomes relevant." Johnson v. United States, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997). Structural errors have only been found in "a very limited class of cases" involving "a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." Id. (quotation marks omitted).

Neither this Court nor the Supreme Court have found that element-related errors fall within this limited class of cases.  See id. at 468–69, 117 S. Ct. at 1549–50 (collecting cases); see also United States v. Reed, 941 F.3d 1018, 1020, 1022 (11th Cir. 2019) (holding that defendant could not show a Rehaif error affected his substantial rights because the record established that defendant knew he was a felon).

**AFFIRMED.**

15