[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14099
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cr-00093-WTM-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE JAMAAL GUYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 7, 2021)

Before MARTIN, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Andre Jamaal Guyton, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  In moving for compassionate release, Guyton argued he had served more than half of his sentence, posed no danger to society, had post-release plans for employment in place, and that his mother was struggling with symptoms of COVID-19.  In denying Guyton's motion, the district court concluded it was constrained by the policy statement in U.S.S.G. § 1B1.13 and found Guyton's rehabilitation, his mother's health, and the COVID-19 pandemic were not extraordinary and compelling reasons warranting compassionate release.  On appeal, Guyton argues U.S.S.G. § 1B1.13 applies only to compassionate release motions brought by the Bureau of Prisons (BOP).  He also contends the COVID-19 pandemic is an extraordinary and compelling reason for his release and that the 18 U.S.C. § 3553(a) factors support his release.  After review,[1] we affirm.

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release, enabling prisoners, rather than the BOP alone, to file compassionate release motions.  *See* Pub. L. No. 115-391,

---

[1] We review a district court's denial of a motion to reduce a sentence under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making a determination, makes findings of fact that are clearly erroneous, or commits a clear error of judgment.  *Id.* at 911-12.

2

§ 603(b), 132 Stat. 5194, 5239 (2018).  As amended by the First Step Act,

§ 3583(c)(1)(A) provides as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).  The statute also requires any reduction to be

consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A).

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G.

§ 1B1.13, which states the court may reduce a term of imprisonment if, after

considering the § 3553(a) factors, it determines that extraordinary and compelling

reasons warrant the reduction and the defendant is not a danger to the safety the

community.  U.S.S.G. § 1B1.13.  This Court recently held U.S.S.G. § 1B1.13

remains the applicable policy statement for all motions filed under

§ 3582(c)(1)(A), including those filed by prisoners.  *United States v. Bryant*, ___

F.3d ___, No. 19-14267, 2021 WL 1827158, at *13 (11th Cir. May 7, 2021).

The commentary to U.S.S.G. § 3B1.1 identifies circumstances under which

extraordinary and compelling reasons exist, including circumstances relating to the

3

defendant's medical condition, age, and family circumstances.  U.S.S.G. § 1B1.13, comment. (n.1).  A defendant's family circumstances may warrant a sentence reduction in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."  *Id.*, comment. (n.1(C)).  The commentary also contains a catch-all provision for "other reasons," which provides a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed in the policy statement.  *Id.*, comment. (n.1(D)).  In *Bryant*, this Court held the discretion to determine such other reasons rests with the BOP, not the district courts.  *Bryant*, 2021 WL 1827158, at *2, *14-15.  A defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement.  *Id.*, comment (n.3).

The government contends we should review Guyton's argument the district court was not bound to follow U.S.S.G. § 1B1.13 for plain error only because he did not raise this issue below.  *See United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (providing issues raised for the first time on appeal are reviewed for plain error).  We need not address the government's argument, however,

because the district court did not abuse its discretion, much less plainly err, in denying Guyton's motion for compassionate release. Recent precedent forecloses Guyton's argument and holds the district court was required to follow the policy statement in U.S.S.G. § 1B1.13. *See Bryant*, 2021 WL 1827158, at *13 (stating "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13").

The district court acted within its discretion in denying Guyton's motion and finding the COVID-19 pandemic, the health of Guyton's mother, and Guyton's rehabilitation were not extraordinary and compelling reasons warranting compassionate release. Although a defendant's serious medical condition may constitute an extraordinary and compelling reason under U.S.S.G. § 1B1.13, comment. (n.1(A)), Guyton did not seek compassionate release on this basis, or argue an underlying health condition made him more vulnerable to COVID-19. Instead, his motion presented, at most, a general concern about COVID-19 and stated his mother was suffering from symptoms of the virus. Neither reason is extraordinary and compelling under the policy statement, and the district court lacked discretion to determine whether such reasons otherwise fell within the

catch-all provision of application note 1(D).  *See Bryant*, 2021 WL 1827158, at *2.[2]

On appeal, Guyton also argues his mother's health and his rehabilitation support his compassionate release, although his brief addresses these circumstances in the context of the § 3553(a) factors.  Insofar as Guyton is challenging the district court's determination that these circumstances did not constitute extraordinary and compelling reasons for his release, his arguments lack merit.  Guyton failed to show his mother's health condition was an extraordinary and compelling reason for his release, as he did not allege she was incapacitated or the caregiver for his minor children.  *See* U.S.S.G. § 1B1.13, comment. (n.1(C)(i)).  And Guyton's rehabilitation, by itself, is not an extraordinary and compelling reason warranting a sentence reduction.  *See id.*, comment. (n.3).

The district court acknowledged that it could order a sentence reduction if it found, upon consideration of the § 3553(a) factors, that extraordinary and compelling reasons exist for the reduction.  It ultimately found such reasons were absent in Guyton's case.  Guyton does not contend the district court failed to

---

[2] Both parties have moved to supplement the record with evidence related to Guyton's contracting COVID-19 after this appeal was taken.  We decline to supplement the record with this new information, as it does not aid in our determination of whether the district court abused its discretion in denying Guyton's motion for compassionate release.  *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000).  The motions to supplement the record are therefore DENIED.  However, the government's motion to file an out-of-time response to Guyton's motion to supplement the record is GRANTED.

consider the § 3553(a) factors in reaching its decision.  Nor does he argue the court's seven-page order—which addressed the arguments he raised in support of release—is not specific enough to allow for meaningful appellate review.  *See United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) ("A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review.").  This case is therefore distinguishable from *United States v. Cook*, ___ F.3d ___, No. 20-13293, 2021 WL 2149339, at *3-4 (11th Cir. May 27, 2021), where we recently held a district court's one-sentence order failed to show any consideration of the § 3553(a) factors or adequately explain its reasoning to allow for our review.

Finding no abuse of discretion in the district court's determination that Guyton failed to present an extraordinary and compelling reason that would make him eligible for compassionate release, we do not reach Guyton's argument the § 3553(a) factors otherwise provide a basis for his release.  Accordingly, we affirm the district court's denial of Guyton's motion for compassionate release.[3]

**AFFIRMED.**

---

[3] We do not consider Guyton's argument, raised for the first time in his reply brief, that two of his prior offenses do not qualify as serious drug felonies.  *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (stating arguments raised for the first time in a reply brief are not considered).