[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12152

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

THEODORE LEE DUGGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:10-cr-20682-FAM-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Theodore Duggan appeals his sentence of 12 months and one day imprisonment followed by 24 months of supervised release, which was imposed upon his second revocation of supervised release. He raises two issues on appeal. First, he argues that the district court plainly erred by imposing a 24-month term of supervised release because this exceeded the maximum term authorized by statute after accounting for his terms of imprisonment for the revocations. Second, he argues that his sentence is substantively unreasonable. We conclude that the district court plainly erred in imposing a 24-month term of supervised release, and that the sentence is not substantively unreasonable. Accordingly, we affirm his sentence in part, vacate in part, and remand.

## I.    Background

In 2010, Duggan pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced to 120 months' imprisonment followed by 36 months of supervised release. The terms of Duggan's supervised release prohibited him from using controlled substances and required him to submit to drug tests. Duggan was also ordered to pay $3,597 in restitution.

Duggan began supervised release in July 2020. In October and November 2020, his probation officer reported several

violations, including his failure to pay restitution and testing positive for cocaine on five urine tests.  Duggan admitted to these violations and the district court revoked his supervised release and sentenced Duggan to 60 days' imprisonment followed by 24 months of supervised release.

Duggan began supervised release again in January 2021.  In March and April of 2021, his probation officer reported several new violations, including his continued failure to pay restitution, an additional five positive urine tests for cocaine, one positive test for alcohol, and failure to work regularly in a lawful occupation.  The probation officer's subsequent Report and Recommendation ("R&R") stated that Duggan's violations qualified as Grade C violations, for which the Court could revoke supervised release or modify its conditions.  *See* U.S.S.G. § 7B1.1(a)(3); *Id.* § 7B1.3(a)(2). Duggan's guideline imprisonment range was 8 to 14 months' imprisonment.  *See Id.* § 7B1.4(a).

At the revocation hearing, Duggan admitted to the asserted violations.  The probation officer recommended a sentence of 12 months' imprisonment with no supervised release.  The government requested eight months' imprisonment with no supervised release, arguing that Duggan's violations appeared to be the result of drug addiction, rather than "one-off" instances. Duggan requested a "bottom or lower" sentence and furlough to provide him time to sublease his apartment, pointing out that he had already served 120 months, and that, as a drug addict, more time in the system would not change his addiction.  Duggan and

the district court engaged in a lengthy conversation regarding his history of drug abuse, his past offenses, and his family. Duggan identified several mitigating circumstances, including his admission of his supervised release violations, his desire to send money to his son for graduate school, the deficiency of his treatment program—he received only two minutes of online individual treatment at his weekly court ordered group session drug treatment program—and the fact that he had achieved stable housing and was trying to "stay clean." The district court noted Duggan's lengthy drug history, including his past drug offenses, his previous abscondment from a conditional release drug treatment program, and his misconduct while in prison. The probation officer noted that Duggan also withdrew from a drug treatment program in prison.

The district court stated that, even though it would be justified in imposing an above-guideline sentence under 18 U.S.C. § 3553(a) based on Duggan's prior record, it would not because Duggan admitted to his supervised release violations. The court also acknowledged Duggan's drug addiction but noted that he had been referred to treatment programs several times. The court sentenced Duggan to 12 months' and 1 day to be followed by 24 months' supervised release. The court also recommended drug treatment in prison and upon release. Duggan did not object to his sentence.

Duggan timely appealed.

## II.    Discussion

### A. Whether the district court plainly erred in imposing a term of 24 months' supervised release

Duggan argues that the district court plainly erred when it sentenced him to 24 months of supervised release because that term exceeded the maximum amount of supervised release that is allowed under 18 U.S.C. § 3583(h).  The government agrees that plain error occurred.[1]

When "a defendant raises a sentencing argument for the first time on appeal, we review for plain error."  *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).  We may reverse if: (1) there was an error; (2) that error was plain; (3) that error affects the defendant's substantial rights; (4) and that error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020).  "An error is plain if it is clear or obvious," meaning that the explicit language of a statute, rule, or precedent from the Supreme Court or our Court directly resolves the issue.  *Id.* (quotation omitted). For an error to affect substantial rights, it must have been prejudicial, meaning that "[i]t must have affected the outcome of the district court proceedings."  *United States v. Olano*, 507 U.S.

---

[1] "Although we are not required to accept the government's concession . . . we agree with [Duggan] and the government that the district court plainly erred in imposing a term of supervised release here." *United States v. Moore*, _F.4th_, *4 n.4  (11th Cir. 2022).

725, 734 (1993).  To determine whether plain error in imposition of supervised release affects the defendant's substantial rights, "we must decide whether the term of supervised release that the district court imposed exceeds that permissible under the applicable statute." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).  Duggan has demonstrated all four prerequisites here.

First, there was an error and that error was plain.  Bank robbery under 18 U.S.C. § 2113(a) carries a maximum term of three years of supervised release.  *See* 18 U.S.C. §§ 2113(a), 3559(a)(3), § 3583(b)(2).  If a district court revokes a term of supervised release and then imposes a term of imprisonment, it may also require the defendant to serve a term of supervised release after that imprisonment.  *See* 18 U.S.C. § 3583(h).  However, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release.*"  *Id.* (emphasis added).  However, after multiple revocations, § 3583(h) requires that the statutory maximum term of supervised release "be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation."  *United States v. Mazarky*, 499 F.3d 1246, 1250 (11th Cir. 2007).

The statutory maximum term of Duggan's supervised release is 36 months under the statute, reduced by any amount of time Duggan is imprisoned for violating the terms of his release.  *See* 18 U.S.C. §§ 2113(a), 3559(a)(3), 3583(b)(2) & (h).  The district

court sentenced Duggan to serve 12 months and 1 day imprisonment and Duggan had already served two months imprisonment for a prior revocation—resulting in a total term of imprisonment of 14 months and 1 day. Therefore, the maximum supervised release term that Duggan could be sentenced to for this revocation is 22 months less one day. *See Moore*, _F.4th at *4. Accordingly, the district court plainly erred by sentencing Duggan to 24 months of supervised release.

Next, because Duggan would have received a lower sentence absent the district court's plain error, he has also demonstrated prejudice. *See Olano*, 507 U.S. at 734. The error affects Duggan's substantial rights "because it exposed him to an unauthorized term of supervised release." *Moore*, _F.4th at *5.

Finally, as a plain statutory error, the excessive supervised release term undermines the fairness, integrity, or public reputation of judicial proceedings. *See Rosales Mireles*, 138 S. Ct. 1897, 1908 (2018) ("The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error."); *Moore*, _F.4th at *5.

Accordingly, we vacate Duggan's term of supervised release and remand for the district court to resentence him to serve no more than 22 months less one day of supervised release consistent with this opinion.

### B. Whether the district court sentenced Duggan to a substantively reasonable term of imprisonment

Duggan challenges his one year and one day sentence of imprisonment, arguing that it is substantively unreasonable under 18 U.S.C § 3353(a)(1) because of Duggan's drug addiction and inability to obtain sufficient treatment after he was sentenced originally because of the restraints of the pandemic.

"We generally review a district court's revocation of supervised release for an abuse of discretion. We review the sentence imposed upon the revocation of supervised release for reasonableness." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (citation omitted). A defendant's argument for a specific sentence preserves for appeal his claim that a longer sentence is substantively unreasonable. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020).

When examining the substantive reasonableness of a sentence, we consider the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). After considering certain factors in § 3553(a), the district court may revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). These factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to deter criminal conduct, protect the public from the defendant's further crimes, and provide the

defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing guidelines range; (4) any pertinent policy statement; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to victims of the offense. *See* 18 U.S.C. §§ 3553(a) and 3583(e). "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotation omitted).

The defendant bears the burden to establish that his sentence is unreasonable considering the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will vacate only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936 (quotation omitted).

Here, Duggan's sentence is substantively reasonable. The district court engaged in a lengthy colloquy with Duggan—spanning more than half of the sentencing transcript—about his drug addiction, experiences with treatment programs, mitigating factors, and criminal history. Additionally, the district court explicitly indicated that it considered the § 3553(a) factors in its decision. The district court did not abuse its broad discretion by choosing to place more weight on Duggan's criminal history and

the need for deterrence, as the district court was entitled to do so. *See Kuhlman*, 711 F.3d at 1327.  The prison term of one year and one day is also less than the maximum term of two years imprisonment, an indicator of reasonableness.  *See* 18 U.S.C. §3583(e)(3); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence below the statutory maximum indicates reasonableness).  Accordingly, we affirm Duggan's sentence of imprisonment.

AFFIRMED  IN  PART,  VACATED  IN  PART,  AND REMANDED.