[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14191

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL SOLANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00293-SCJ-CCB-1

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Daniel Solano appeals his conviction for possession of a firearm by a person with a felony conviction.  First, he asserts his conviction should be reversed for ineffective assistance of counsel because his counsel failed to argue his *pro se* motion to suppress.  Second, he contends the district court erred by not granting his request for a new attorney—asserting the district court should have asked him more questions during the plea colloquy about why he was unhappy with his counsel's representation—and the court's failure to do so resulted in an unknowing and involuntary plea.

## I.  DISCUSSION

### A.  *Ineffective Assistance of Counsel*

We dismiss Solano's ineffective assistance of counsel claim without prejudice because the record is not sufficiently developed to address this claim.  *See United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (stating generally we will not consider ineffective-assistance-of-counsel claims on direct appeal "where the district court did not entertain the claim nor develop a factual record" (quotation marks omitted)).  Although the district court briefly addressed ineffective assistance of counsel in determining whether to grant Solano's motion to remove counsel, the record does not contain any arguments supporting Solano's claim that his counsel was ineffective for failing to refile or litigate his *pro se*

motion to suppress.  Therefore, we dismiss the claim without prejudice to allow Solano to raise this claim in a § 2255 motion.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (stating the preferred method for raising an ineffective-assistance claim is through a 28 U.S.C. § 2255 motion "even if the record contains some indication of deficiencies in counsel's performance");  *United States v. Carthen*, 906 F.3d 1315, 1319 (11th Cir. 2018) (dismissing a claim without prejudice so the defendant could raise it later in a § 2255 motion).

## B.  Request for New Attorney

As an initial matter, Solano has abandoned any argument the district court erred in denying his motion for a new attorney, as he does not say how the court erred or provide arguments or authority in support.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (stating we "have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority").  Instead, he alleges the error in his issue statement and notes the court denied his motion, which is insufficient to preserve the issue.  *See United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021) ("[S]imply stating that an issue exists, without further argument or discussion, . . . constitutes abandonment of that issue and precludes [this Court's] considering the issue on appeal."(quotation marks omitted)).

To the extent Solano contends his plea was not knowing and voluntary because the court failed to further question him on the

4                          Opinion of the Court                    21-14191

issue of his satisfaction with counsel, we review this issue only for plain error.[1] *See United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005) (stating we apply a plain error standard of review when the defendant does not challenge his guilty plea as unknowing or involuntary in the district court).  Presuming all the statements Solano made during the plea colloquy are true, there was no error because the district court asked if Solano was entering into the plea agreement knowingly and voluntarily, and he confirmed that he was.  *See id.* at 1019 ("A guilty plea involves the waiver of a number of a defendant's constitutional rights and must therefore be made knowingly and voluntarily to satisfy the requirements of due process."); *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (applying a "strong presumption" that statements made by a defendant during his plea colloquy are true).  Further, the district court asked if Solano was satisfied with his counsel, and he agreed that he was.  *See Medlock*, 12 F.3d at 187.  Solano has not pointed to any statute, rule, or precedent from this Court or the Supreme Court holding it is an error for the district court not to further question the defendant during the plea colloquy to see if he was knowingly and voluntarily entering into a plea agreement when he had previously stated that he was unhappy with his counsel.  *See United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020), *cert denied*,

---

[1] Although the Government argues this argument is precluded by the appeal waiver in Solano's plea agreement, an appeal waiver does not bar claims that challenge whether the plea itself was knowing and voluntary.  *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284-85 (11th Cir. 2015).

141 S. Ct. 2827 (2021) (explaining an error is plain if the explicit language of a statute or rule or precedent from the Supreme Court or us directly resolves the issue). Accordingly, we affirm as to this issue.

## II. CONCLUSION

We dismiss Solano's ineffective assistance of counsel claim without prejudice because the record is not sufficiently developed to address this claim. Solano has abandoned any challenge to the district court's denial of his motion for new counsel by failing to adequately brief the issue on appeal. Further, he has not shown the district court plainly erred in not further questioning him during the plea colloquy regarding his satisfaction with his counsel.

**DISMISSED IN PART AND AFFIRMED IN PART.**