[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13286
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cr-00124-CEM-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONIEL CHRISTOPHER RUSSELL,
a.k.a. OG Russell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 26, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Oniel Russell, a counseled federal prisoner, appeals his sentence of 18

months' imprisonment and one year of supervised release, imposed when the

district court resentenced Russell following our remand in his initial direct appeal.

On an unopposed motion for summary reversal, Russell argues that the district

court plainly erred by failing to allow him to allocute during his resentencing

hearing and that the error affected his substantial rights. After careful review, we

grant Russell's motion for summary reversal.

Summary disposition is appropriate when "the position of one of the parties

is clearly right as a matter of law so that there can be no substantial question as to

the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162

(5th Cir. 1969).[1]

We review the district court's denial of a defendant's right to allocute at

sentencing for plain error when the defendant failed to object before the district

court. *United States v. Doyle*, 857 F.3d 1115, 1118 (11th Cir. 2017). Plain error

review requires a defendant to show that (1) there was an error, (2) it was plain, (3)

it affected substantial rights, and (4) it seriously affected the fairness of the judicial

proceedings. *Id.* "An error is plain if it is clear or obvious." *United States v.*

*Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (internal quotation marks omitted).

And an error affects a defendant's substantial rights if there is "a reasonable

probability that, but for the error, the outcome of the proceeding would have been

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation mark omitted).

The right to allocution "provides a defendant the opportunity to plead personally with the district court for leniency in sentencing and to state any potentially mitigating factors for consideration." *United States v. Machado*, 886 F.3d 1070, 1087 (11th Cir. 2018). Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) codifies that right. It requires the district court, before imposing sentence, to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). We have found plain error where the court failed to address the defendant personally. *See United States v. Perez*, 661 F.3d 568, 584–85 (11th Cir. 2011) (per curiam) (finding plain error where the district court asked defense counsel—rather than the defendant—whether the defendant would allocute). Here, the district court did not address Russell personally to give him an opportunity to allocute—the court appeared to address Russell only though his counsel. This constitutes plain error.

Having determined that Russell satisfies the first two prongs of the plain-error test, we next consider whether he was prejudiced by the error. We presume that failure to address the defendant personally affects the defendant's substantial rights whenever the possibility of a lower sentence exists. *Perez*, 661 F.3d at 586.

3

In *Perez*, we noted that the district court's error affected Perez's substantial rights because he was sentenced above the low end of the guidelines range. *Id.* Since *Perez*, we have held that, because the guidelines are no longer mandatory after *United States v. Booker*, 543 U.S. 220 (2005), a defendant will generally be entitled to a presumption that he was prejudiced by the district court's failure to afford him his right of allocution even if he received a sentence at the low end of the advisory guidelines range. *Doyle*, 857 F.3d at 1120–21. Although Russell was resentenced at the bottom of his guideline range both as to his term of imprisonment (18 months) and his term of supervised release (one year), Russell could have allocuted for a downward variance. *See id.* And because there was no mandatory minimum term of supervised release, he could have allocuted for a lesser term of supervised release, or for no supervised release at all.[2] *See* 18 U.S.C. § 3583(b). Therefore, Russell has satisfied the third prong of the plain-error test.

Finally, we consider the fourth prong: the effect on the fairness of the judicial proceeding. "Because allocution plays a central role in the sentencing process, the denial of this right is not the sort of isolated or abstract error that does

---

[2] We also note that although Russell has completed his sentence of imprisonment and appears to be serving his one-year term of supervised release, Russell's challenge is not moot because his sentence included the term of supervised release. *United States v. Haymond*, 139 S. Ct. 2369, 2379 (2019) (a final sentence includes any term of supervised release imposed).

not impact the fairness, integrity or public reputation of judicial proceedings."
*United States v. Prouty*, 303 F.3d 1249, 1253 (11th Cir. 2002) (internal quotation marks omitted and alteration accepted). Therefore, we find that the denial of Russell's right to allocute seriously affected the fairness of the judicial proceedings, thus satisfying the fourth element of the plain-error test.

In conclusion, Russell's position is correct as a matter of law, and there is no substantial question that the district court's denial of his right to allocute constituted a prejudicial and plain error. Accordingly, we GRANT Russell's motion for summary reversal and VACATE his sentence.[3] On remand, Russell is entitled to an opportunity to allocute.

---

[3] Russell asks, alternatively, that if we deny his motion for summary reversal, we stay the briefing schedule and grant him 30 days to file a merits brief. Because we grant his motion for summary reversal, the motion for stay is denied as moot.