[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11142

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00222-CEH-TGW-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Joshua Hayes appeals his sentence following his conviction on two counts of producing child pornography and one count of possession of child pornography. Specifically, he challenges one of the supervised release conditions, Standard Condition (12), imposed by the district court under U.S.S.G. § 5D1.3(c)(12). That condition allows a probation officer to require Hayes to notify an individual if the probation officer determines that Hayes poses a risk to that individual. Hayes argues for the first time on appeal that the condition is an unconstitutional delegation of judicial authority and unconstitutionally vague. Reviewing only for plain error, we affirm.

## I.

In February 2020, the Department of Homeland Security received a report that someone with the username "DaddyJ" had posted images online of two prepubescent girls in the shower and was soliciting advice on how to groom the older of the two girls to have sexual intercourse with him. The subsequent investigation led DHS agents to a residence in Mulberry, Florida, where Joshua Hayes lived with his girlfriend and their two daughters, aged two and nine. Hayes admitted that he had taken photographs of his two- and nine-year-old daughters, fully nude, and sent those images over the internet under the username "DaddyJ." Hayes also

admitted that he had downloaded images of child pornography depicting other children. Hayes eventually pleaded guilty to two counts of producing child pornography in violation of 18 U.S.C. § 2551(a) and (e) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

The district court sentenced Hayes to twenty years' imprisonment on the two production counts and a consecutive term of twenty years' imprisonment on the possession count, followed by thirty years of supervised release. As a condition of Hayes' supervised release, the district court imposed Standard Condition (12), which provides: "If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction." U.S.S.G. § 5D1.3(c)(12). In addition, "[t]he probation officer may contact the person and confirm that the defendant has notified the person about the risk." *Id.*

Hayes did not object to this condition at sentencing despite being given an opportunity to do so.

## II.

Questions of constitutional law are reviewed for plain error when raised for the first time on appeal. *United States v. Nash*, 438 F.3d, 1302, 1304 (11th Cir. 2006). On plain error review, we will not correct an unpreserved error unless the district court's error (1) was plain, (2) affected the defendant's substantial rights, and (3)

seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020). "An error is plain if . . . the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolv[es] the issue." *Id.* (cleaned up). "[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017). An error affects a defendant's substantial rights "if there is a reasonable probability of a different result absent the error," *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015), which means "a probability sufficient to undermine confidence in the outcome," *United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005) (quotation omitted). And it is the defendant's burden to establish such a probability. *United States v. Margarita Garcia*, 906 F.3d 1255, 1267 (11th Cir. 2018).

### III.

Hayes argues for the first time on appeal that Standard Condition (12) is an unconstitutional delegation of judicial authority and unconstitutionally vague. But Hayes has not shown that the district court plainly erred because there is no precedent from this Court or the Supreme Court demonstrating that Standard Condition (12) unconstitutionally delegates judicial authority or is unconstitutionally vague. *See Lange*, 862 F.3d at 1296. Accordingly, the district court is **AFFIRMED.**