[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 17-15276

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANNY LEE HAMPTON,
a.k.a. "Smoke",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:16-cr-00234-ACC-KRS-1

—————————————————

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Danny Lee Hampton pleaded guilty to conspiracy to distribute and possess with intent to distribute a controlled substance, *see* 21 U.S.C. § 846, and possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g). The district court sentenced him to ninety months' imprisonment to be followed by four years of supervised release. En route to imposing that sentence, the district court concluded that Hampton was an armed career criminal under 18 U.S.C. § 924(e) based on three prior state law convictions for "serious drug offense[s]": one for possession with intent to sell or deliver cocaine; one for delivery of cocaine; and one for conspiracy to traffic cocaine.

On appeal, Hampton says his state law conspiracy conviction is not a "serious drug offense" for purposes of Section 924(e) and he, therefore, did not deserve to be sentenced as an armed career criminal. He advances three arguments in support of that proposition: (1) conspiracy to traffic is not a serious drug offense because it does not require intent to distribute as an element of the crime; (2) his conspiracy conviction is not a serious drug offense because it did not involve a substance that was federally controlled at the time he committed the federal offense for which

17-15276                Opinion of the Court                3

he was federally sentenced;[1] and (3) a mere conspiracy to sell or deliver cocaine can never be considered a serious drug offense. Hampton concedes that our decisions in *United States v. James*, 430 F.3d 1150 (11th Cir. 2005), *overruled on other grounds by Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022), require us to reject his first and second arguments, respectively.

Hampton's third argument is not foreclosed by Circuit precedent, but it is foreclosed by his own forfeiture. He posits two reasons in this Court that a conspiracy conviction cannot be a serious drug offense: because a mere agreement to traffic a controlled substance does not "involv[e] . . . manufacturing, distributing, or possessing with intent to manufacture or distribute," nor does it "involv[e]" the existence of an actual controlled substance. 18 U.S.C. § 924(e)(2)(A)(ii). In sum, Hampton's point is that until an actual controlled substance is in fact "manufacture[d], distribut[ed], or possess[ed] with intent to manufacture or distribute," no "serious drug offense" has occurred under Section 924(e). But Hampton never made those arguments to the district court. Instead, those arguments were debuted in his opening brief in this Court. We have made clear that a defendant who wants to preserve a specific argument for appeal must make that argument to the district court at sentencing. *E.g.*, *United States v. Ramirez-Flores*,

---

[1] Hampton contends that his state law conviction was "based on a derivative of cocaine—ioflupane—that was not federally controlled" when he committed the federal crimes underlying the sentence at issue in this appeal.

743 F.3d 816, 821 (11th Cir. 2014). Because Hampton failed to do so, we review only for plain error the district court's conclusion that Hampton's state law conspiracy conviction is a serious drug offense.

Plain error review requires Hampton to persuade us that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id*. Even if the district court did err below, the error was certainly not plain. "An error is plain if it is clear or obvious—that is, if the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue." *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (cleaned up). There was no binding precedent from this Court or the Supreme Court instructing the district court that conspiracies are never serious drug offenses for purposes of Section 924(e). Indeed, we recently declined to decide "whether and to what extent inchoate crimes"—including conspiracies, specifically—"are 'serious drug offense[s].'" *United States v. Penn*, 63 F.4th 1305, 1316 (11th Cir. 2023) (brackets in original) (quoting 18 U.S.C. § 924(e)(2)(A)).

Hampton contends that a more recent decision, *United States v. Miles*, 75 F.4th 1213 (11th Cir. 2023), settled the matter. *See Henderson v. United States*, 568 U.S. 266, 268–29 (2013) (an error can be "plain" even if the precedent resolving the issue came after the district court's decision). Hampton is wrong. In *Miles*, we held that a possession conviction under a certain Florida statute was

17-15276              Opinion of the Court                    5

not a serious drug offense because it did not "involve[e] manufacturing . . . ." 75 F.4th at 1215–16. The question that *Penn* dodged— "whether and to what extent" a conspiracy conviction can ever be a "serious drug offense[]" under Section 924(e)—remains open. 63 F.4th 1316–17. Absent precedent conclusively answering that question, any error by the district court was not "plain."

Accordingly, the district court is **AFFIRMED**.