**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10560
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRADY ANTONIO CASTRO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20278-MD-1

_____

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Brady Antonio Castro appeals his conviction for possession of a firearm as a convicted felon and his 77 months' imprisonment sentence, which was the minimum in the guideline term of 77 to

96 months.  On appeal, Castro argues that: (1) his conviction is unconstitutional as applied to him under the analysis in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); (2) his 77-month sentence is procedurally unreasonable because the district court improperly relied on facts that contradicted those in the presentence investigation report ("PSI"); and (3) his sentence is substantively unreasonable because he used the gun to protect himself, he has mental health issues, and he has a non-violent criminal history.  After thorough review, we affirm.

## I.

We ordinarily review the constitutionality of a statute de novo.  *United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021).  But when a defendant raises a constitutional challenge to a statute for the first time on appeal, we review only for plain error.  *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).  To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  An error is plain if it is clear or obvious, i.e., if the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue.  *United States v. Innocent*, 977 F.3d 1077, 1085 (11th Cir. 2020).

We review the sentence a district court imposes for "'reasonableness,'" which "'merely asks whether the trial court

abused its discretion.'" *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). We review findings of fact for clear error. *United States v. Barrington*, 648 F.3d 1178, 1194–95 (11th Cir. 2011). Factual findings are clearly erroneous when, although some evidence supports them, based on the record as a whole, we are "'left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 1195. That said, if a party does not raise a procedural sentencing argument in the district court, we review only for plain error. *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010). A plain sentencing error affects the defendant's substantial rights when there is a reasonable probability that, but for the error, he would have received a lesser sentence. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1190 (11th Cir. 2006).

We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting en banc or by the Supreme Court. *United States v. Dubois* (*Dubois II*), 139 F.4th 887, 892 (11th Cir. 2025). To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be "'clearly on point.'" *Id.* To abrogate precedent, the Supreme Court must also "demolish and eviscerate each of its fundamental props." *Id.* at 893 (citation modified).

## II.

First, we are unpersuaded by Castro's argument his conviction is unconstitutional under the Second Amendment. The Second Amendment protects the right to keep and bear arms. U.S. Const. amend. II. The federal felon-in-possession statute prohibits

anyone who has been convicted of a crime punishable by more than one year of imprisonment from keeping a firearm or ammunition.  18 U.S.C. § 922(g)(1).

In *District of Columbia v. Heller*, the Supreme Court held that law-abiding citizens have a Second Amendment right to possess handguns in the home for self-defense.  554 U.S. 570, 635–36 (2008). The Court held that the Second Amendment right to bear arms "belongs to all Americans," but is "not unlimited."  *Id.* at 581, 626. The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should [have been] taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626.  The Court labeled these regulations "presumptively lawful."  *Id.* at 627 n.26.

In *United States v. Rozier*, decided between *Heller* and *Bruen*, we held that § 922(g)(1) was constitutional, "even if a felon possesses a firearm purely for self-defense."  *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010).  The *Rozier* decision did not rely on means-end scrutiny to conclude that § 922(g)(1) was constitutional, but rather, recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition."  *Id.* at 771 (citation modified).  We reasoned that the statement in *Heller* "that 'nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons' . . . suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not

offend the Second Amendment." *Id.* (quoting *Heller*, 554 U.S. at 626). Ultimately, we concluded that Rozier's purpose for possessing a firearm, and the fact that the firearm was constrained to his home, was immaterial because felons as a class could be excluded from firearm possession. *Id.* at 770–71.

Then, in *Bruen*, the Supreme Court explained that the proper framework for determining the constitutionality of a firearm regulation was for a court to first determine whether an individual's conduct is covered by the Second Amendment's plain text. 597 U.S. at 24. The court next should consider whether the regulation in question "is consistent with the Nation's historical tradition of firearm regulation." *Id*. In doing so, the Supreme Court repeatedly discussed the Second Amendment as protecting the rights of "law-abiding" citizens. *E.g.*, *id*. at 9, 26, 38 n.9, 70–71.

Thereafter, in *United States v. Rahimi*, the Supreme Court held that § 922(g)(8), which prohibits firearm possession by individuals subject to domestic violence restraining orders, was constitutional under *Bruen*. 602 U.S. 680, 692–701 (2024). The Supreme Court stressed that the law comported with the principles underlying the Second Amendment, reiterating that prohibitions on felons' possession of firearms are "presumptively lawful." *Id*.

After *Bruen* but before *Rahimi*, we'd held that § 922(g)(1) was still constitutional because *Bruen* "did not cast doubt on felon-in-possession prohibitions" and therefore could not have abrogated *Rozier* under the prior-panel-precedent rule. *United States v. Dubois* (*Dubois I*), 94 F.4th 1284, 1293 (11th Cir. 2024) (citation modified),

*cert. granted, judgment vacated sub nom.*, *Dubois v. United States*, 145 S. Ct. 1041 (2025), *reinstated by*, 139 F.4th 887 (11th Cir. 2025). On remand from the Supreme Court in light of *Rahimi*, we held that neither *Bruen* nor *Rahimi* abrogated *Rozier*, relying on our reasoning in *Dubois I* to conclude that *Bruen* did not abrogate *Rozier*. *Dubois II*, 139 F.4th at 893. We further reasoned that "*Rahimi* reinforced -- not undermined -- *Rozier*." *Id.*

Here, Castro's claim is foreclosed because, as we reiterated in *Dubois II*, *Rozier* held that § 922(g)(1) is constitutional. Neither Supreme Court precedent nor this Court's precedent has overruled that holding. Accordingly, we affirm as to this issue.

### III.

We also are unpersuaded by Castro's claim that his sentence is procedurally unreasonable. In reviewing sentences for reasonableness, we perform two steps. *Pugh*, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1]

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the

25-10560                Opinion of the Court                7

The sentencing court's factual findings may be based upon facts admitted by the defendant's guilty plea, undisputed statements in the PSI, or evidence presented at the sentencing hearing. *United States v. Matthews*, 3 F.4th 1286, 1289 (11th Cir. 2021). The district court is also entitled to draw reasonable inferences from the evidence. *Id.* A failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

On appeal, Castro argues that his sentence is procedurally unreasonable because the district court improperly relied on the government's facts that contradicted the facts in the PSI. In particular, he says that the government made it seem as if a shootout occurred and incorrectly stated that Castro was the aggressor -- even though the PSI noted that Castro "was the victim of the shooting"; Castro "was approached by" the other men; the dispute escalated and another man "pulled a handgun from his waistband and shot Castro multiple times"; and Castro pulled a firearm out as the men "approached him." However, Castro did not object to the

---

sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

government's presentation of the facts at sentencing, and as a result, plain error review applies.

Here, we cannot say that the district court committed plain error because Castro has not established error, nor has he shown that the court would have imposed a different sentence but for the claimed error. At sentencing, Castro argued for a downward variance based on his learning disabilities, mental health issues, sexual abuse and substance abuse, and because he obtained a gun for protection after he learned that the other men had threatened his life and came to his neighborhood looking for him. The district court considered Castro's arguments in mitigation, but nevertheless explained that it was denying Castro a downward variance to avoid sentencing disparities, to account for Castro's extensive criminal history, and to adequately deter him by sentencing him to federal prison. If anything, the court's statements that Castro's story was "very convincing" and that Castro was "in fear for [his] life and . . . in fear for [his] family" seemed to accept Castro's presentation of himself as a victim who sought to protect his family, over the government's presentation of him as an equal aggressor who might have shot one of the men if he had drawn his gun first. Indeed, in imposing sentence, the court repeated that Castro and his attorney were "very persuasive" in describing Castro's circumstances and ultimately decided that it would not sentence him at the high end of the guideline range, but also that it would deny his request for a downward variance. On this record, Castro has not shown that the court relied on erroneous facts, nor that there was a reasonable

probability the court would have imposed a different sentence without the alleged error, and we affirm.

## IV.

Finally, we find no merit to Castro's claim that his sentence is substantively unreasonable. When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under an abuse of discretion standard. *Gall*, 552 U.S. at 51. The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The district court abuses its discretion when it: (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We've underscored that we must give due deference to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

Here, the court did not abuse its discretion by imposing a substantively unreasonable sentence. As we've detailed, the district court considered and weighed Castro's mitigating factors, noted that his history was compelling and acknowledged that Castro faced a difficult choice because he feared for his family and had mental health issues. The court was entitled to place greater weight on Castro's extensive criminal history, the need to avoid sentencing disparities, and the fact that Castro had never been to federal prison. Moreover, Castro's sentence was within the guideline range, which indicates it was reasonable. Accordingly, we affirm.

**AFFIRMED.**