**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13434
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WILL DAVID PARR,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cr-00280-AMM-GMB-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Will David Parr appeals his conviction for possession of a firearm as a convicted felon under 18 U.S.C. § 922(g)(1). On appeal, he argues that the district court plainly erred because § 922(g)(1) is

unconstitutional both facially and as applied to him under the Second Amendment, in light of the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). After he filed his initial brief on appeal, the government moved for summary affirmance, arguing this Court's binding precedent forecloses Parr's argument.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We generally review challenges to the constitutionality of a statute *de novo*. *United States v. Gruezo*, 66 F.4th 1284, 1292 (11th Cir. 2023). However, when a defendant raises such a challenge for the first time on appeal, we review only for plain error. *United States v. Johnson*, 981 F.3d 1171, 1191 (11th Cir. 2020).

An error is plain if "the legal rule is clearly established at the time the case is reviewed on direct appeal." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). Under plain-error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). A "plain" error is one that is "clear or obvious,

rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is plain if "'the explicit language of a statute or rule' or 'precedent from the Supreme Court or this Court directly resolv[es]' the issue." *United States v. Innocent*, 977 F.3d 1077, 1085 (11th Cir. 2020) (citations omitted, alterations in original). If the explicit language of a statute or rule does not resolve an issue, plain error lies only where our or the Supreme Court's precedent directly resolves it. *United States v. Moore*, 22 F.4th 1258, 1266 (11th Cir. 2022). Further, we need not consider any other part of the plain-error test if the defendant fails to satisfy the second prong of the test, namely, that the alleged error is plain. *United States v. King*, 73 F.3d 1564, 1572 (11th Cir. 1996).

We conclude that the government's motion for summary affirmance should be granted. The government is clearly correct that Parr's argument as to the facial constitutionality of § 922(g)(1) is foreclosed by our holding in *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025), which upheld the felon-in-possession ban in § 922(g)(1) against a Second Amendment challenge. Further, Parr's as-applied challenge fails under the second prong of the plain-error test because he has not identified any "plain" error. *Johnson*, 981 F.3d 1191. Neither this Court nor the Supreme Court has held that § 922(g)(1) violates the Second Amendment as applied to an individual convicted felon.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion

4                    Opinion of the Court                24-13434

for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**