**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12351
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CHRISTOPHER MICHAEL STANTON, JR.,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cr-00107-TKW-1

_____

Before JILL PRYOR, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Christopher Stanton, Jr., appeals his convictions for (1) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and

(2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  For the first time on appeal, Stanton contends that both § 924(c)(1)(A)(i) and § 922(g)(1), as applied to him, violate the Second Amendment, and thus the district court plainly erred in sentencing him and imposing judgment.

As to § 922(g)(1), Stanton acknowledges that this Circuit's binding precedent expressly forecloses his constitutional arguments.  *See United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010); *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025) ("*Dubois II*"). As to § 924(c)(1)(A)(i), Stanton fails to cite any precedent from the Supreme Court or this Circuit holding that § 924(c)(1)(A)(i) is unconstitutional, and thus any alleged error was not plain.  *See United States v. Moran*, 57 F.4th 977, 984 (11th Cir. 2023).

After careful review, we affirm Stanton's § 922(g)(1) and § 924(c)(1)(A)(i) convictions.

## I.  BACKGROUND

On August 7, 2024, law enforcement executed a search warrant at Stanton's residence.  In Stanton's bedroom, investigators found cocaine, marijuana, and ammunition.  In the kitchen, investigators found a Raven Arms .25 caliber handgun, more ammunition, more cocaine, more marijuana, and drug paraphernalia.

After being advised of his *Miranda* rights, Stanton admitted to law enforcement that he (1) sold marijuana and cocaine; and (2) knew about the .25 caliber handgun in his kitchen.

During the search of Stanton's residence, investigators also located Stanton's cell phone. Investigators obtained a search warrant for Stanton's phone. In the cell phone extraction, investigators found multiple images of firearms, illegal narcotics, and large sums of United States currency.

At the time of his conduct, Stanton knew he was a felon. Stanton has (1) a 2017 Florida conviction for possession of cocaine; (2) another 2019 Florida conviction for possession of cocaine; and (3) a 2019 Florida conviction for possession of a controlled substance without a prescription.

In November 2024, a federal indictment charged Stanton with (1) possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D) (Count 1); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1)(A)(i) (Count 2); and (3) possession of a firearm by a convicted felon, in violation of § 922(g)(1) (Count 3).

Stanton pled guilty to all three counts pursuant to a plea agreement with the government. In that plea agreement, Stanton and the government "reserve[d] the right to appeal any sentence imposed." The district court sentenced Stanton to (1) concurrent 37-month terms of imprisonment on Counts 1 and 3; (2) a consecutive 60-month term of imprisonment on Count 2; and (3) three years of supervised release.

Before the district court, Stanton did not object to his prosecution or sentence on Second Amendment grounds. Stanton timely appealed.

## II. DISCUSSION

Stanton contends that (1) both 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i), as applied to him, violate the Second Amendment; and (2) therefore, the district court plainly erred in sentencing him and imposing judgment against him on Counts 2 and 3.[1]

### A.    Plain Error

While a defendant's guilty plea generally waives challenges to his conviction, a plea does not bar a defendant from challenging the constitutionality of the statute of conviction on direct appeal. *Class v. United States*, 583 U.S. 174, 178 (2018).

We ordinarily review challenges to the constitutionality of a statute *de novo*. *Dubois II*, 139 F.4th at 890 (citing *United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021)). However, because Stanton did not raise these issues at the district court, Stanton concedes that his constitutional challenges are reviewed for plain error. *See United States v. Valois*, 915 F.3d 717, 729 n.7 (11th Cir. 2019); *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) ("[W]e review Wright's challenge regarding the constitutionality of § 922(g) for plain error because he raises it for the first time

_____

[1] Stanton does not challenge his conviction and sentence as to Count 1. Stanton only "asks this Court to vacate the convictions and sentences on [C]ounts [T]wo and [T]hree."

25-12351                Opinion of the Court                5

on appeal.").

Under plain-error review, reversal is only proper when there is (1) an error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

To satisfy the second prong of plain-error analysis and demonstrate that an error is "plain," a legal rule must be "clearly established" at the time the case is reviewed on direct appeal. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). Such an error must be "clear or obvious," rather than subject to "reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is plain if "explicit language" from a statute, rule, or case from the Supreme Court or this Court directly resolves the issue. *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020).

### B.    § 922(g)(1)—Felon in Possession of a Firearm

Stanton contends that § 922(g)(1) is unconstitutional as applied to him, and thus the district court plainly erred in sentencing him and imposing judgment against him on Count 3. However, (1) as Stanton acknowledges and we describe below, this Circuit's precedent in *Rozier* and *Dubois II* foreclose Stanton's arguments; and (2) as such, there was no error, much less plain error. *See Rozier*, 598 F.3d at 771; *Dubois II*, 139 F.4th at 894; *Hesser*, 800 F.3d at 1325.

Starting in *Rozier*, this Court held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional

avenue to restrict the Second Amendment right of certain classes of people[,]" such as felons.  598 F.3d at 771.  The *Rozier* Court relied in part on the following statement in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008): "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."  *Id.*  The *Rozier* Court explained that this statement "suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment."  *Id.*  In *Rozier*, this Court also rejected the defendant's argument that this statement from *Heller* was merely dicta and should not be afforded authoritative weight.  *Id.* at 771 n.6.

Stanton argues that the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024) abrogated *Rozier*. Stanton points out that *Bruen* and *Rahimi* adopted a two-part history and tradition test.  The problem for Stanton is that *Dubois II* already rejected this argument.

More specifically, this Court in *Dubois II* relied on the Supreme Court's remark in *Rahimi* that it "was not suggest[ing] that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse."  *Dubois II*, 139 F.4th at 893 (quoting *Rahimi*, 602 U.S. at 698).  And *Rahimi* reiterated that "prohibitions on the possession of firearms by felons and the mentally ill . . . are presumptively lawful."  *Id.* (quotation

25-12351                Opinion of the Court                7

marks omitted).    These statements "confirm[ed] that *Rozier* remains good law." *Id.* Indeed, in *Dubois II*, this Court concluded that it needed "clearer instruction from the Supreme Court before [it] may reconsider the constitutionality of section 922(g)(1)." *Id.* at 894.    Thus, *Rozier* continued to bind the *Dubois II* Court and foreclosed Dubois's constitutional challenge to § 922(g)(1) as a violation of the Second Amendment. *Id.*

Although Stanton acknowledges the binding nature of *Dubois II*, he nonetheless contends that it was wrongly decided because this Court has not conducted the historical analysis of § 922(g)(1) that *Rahimi* and *Bruen* now require. We disagree for the reasons this Court explicated in *Dubois II*.

"Under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by us sitting *en banc*." *Laguna Rivera v. U.S. Att'y Gen.*, 130 F.4th 915, 919 (11th Cir. 2025) (citation omitted). And that rule "applies even if the prior panel did not have the benefit of hearing a particular argument on an issue." *Id.* (citation omitted). *Rozier* and *Dubois II* are therefore binding precedent in this appeal and foreclose Stanton's constitutional arguments on § 922(g)(1).

Because Stanton's Second Amendment challenge to § 922(g)(1) is foreclosed by our holdings in *Rozier* and *Dubois II*, he fails to demonstrate any error in his § 922(g)(1) conviction.

**C.      § 924(c)(1)(A)(i)—Possession of a Firearm in Furtherance of a Drug Trafficking Offense**

Next, Stanton contends that § 924(c)(1)(A)(i) is unconstitutional as applied to him, and thus the district court plainly erred in sentencing him and imposing judgment against him on Count 2. We easily reject this contention.

Stanton does not point to any case from the Supreme Court or this Circuit holding that § 924(c)(1)(A)(i) is unconstitutional under the Second Amendment. And as we have said, "in the absence of explicit language of a statute or rule, an error cannot be plain unless the issue in question has been specifically and directly resolved by on point precedent from the Supreme Court or this Court." *Moran*, 57 F.4th at 984 (internal quotations omitted). Indeed, Stanton does not cite any circuit precedent holding that § 924(c)(1)(A)(i) is unconstitutional.

Since no clearly established legal rule directly resolves Stanton's constitutional challenge, there is no plain error in his § 924(c)(1)(A)(i) conviction. *See United States v. King*, 73 F.3d 1564, 1572 (11th Cir. 1996) ("We need not discuss the entire plain error test because the second prong of the test—that the alleged error be plain—is not met.").

## III. CONCLUSION

For these reasons, we affirm Stanton's § 922(g)(1) and § 924(c)(1)(A)(i) convictions.

**AFFIRMED.**