**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11065
Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MELVIN FORD,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:06-cr-00238-SDG-LTW-1

————————————————

Before JORDAN, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Melvin Ford received a sentence of a year and a day in custody (recommended by the parties) and five years of supervised release (not recommended by the parties) following the revocation

of his initial term of supervised release.  He argues that the district court erred by imposing the term of supervised release because it improperly considered retribution in doing so.  He also maintains that the term of supervised release violated the Eighth Amendment protection against cruel and unusual punishment.

## I

When, as here, a defendant does not object that the district court may be impermissibly relying on 18 U.S.C. § 3553(a)(2)(A) at a revocation hearing, we will review only for plain error.  *See Esteras v. United States*, 606 U.S. 185, 202-03 (2025); *see also United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th Cir. 2014) (stating that consideration of an improper § 3553(a) factor is procedural error, and then reviewing for plain error an unpreserved claim that the district court improperly considered the factor in § 3553(a)(2)(A) when imposing a sentence after revocation of supervised release).  To demonstrate plain error, the defendant must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights.  If he makes this showing, we should correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See Rosales-Mireles v. United States*, 585 U.S. 129, 135 (2018); *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).  An error is plain if it is "clear or obvious," that is, if "the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue."  *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (citation modified).

## II

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the district court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. *See United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016); 18 U.S.C. § 3583(h). The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *See Trailer*, 827 F.3d at 936; § 3583(h).

In determining whether to revoke a defendant's supervised release and impose a term of imprisonment term, the district court shall consider the factors of the history and characteristics of the defendant, the nature and seriousness of the crime, the need for the sentence to afford adequate deterrence, provide the defendant with needed correctional treatment, and protect the public from further crimes of the defendant, pertinent policy statements issued by the Sentencing Commission, the need to provide restitution to victims, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *See* 18 U.S.C. § 3583(e). The court is required to consider the same factors in determining whether to include a term of supervised release and, if so, the length of the term and its conditions. *See* § 3583(c). But §§ 3583(c) and (e) do not include § 3553(a)(2)(A), which is the need for the sentence imposed

"to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," or § 3553(a)(3), which is the kind of sentences available, in the list of factors for the district court to consider. *See* § 3583(c), (e); *id.* § 3553(a)(2)(A), (a)(3).

We review the reasonableness of a sentence for an abuse of discretion. *See United States v. Grushko*, 50 F.4th 1, 10 (11th Cir. 2022). The party challenging a sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The Supreme Court recently held that district courts cannot consider § 3553(a)(2)(A) when revoking supervised release. *See Esteras*, 606 U.S. at 195. The Court reasoned that Congress did not intend for courts to consider the factors in § 3553(a)(2)(A) and § 3553(a)(3)—the kinds of sentences available—because Congress specifically excluded those factors when laying out what the district court must consider upon a revocation of supervised release. *See id.* The Court further explained that "Congress's decision to exclude retribution from the calculus also comports with the role of supervised release in our current criminal justice scheme," as supervised release is not a punishment in lieu of incarceration. *See id.* at 196. It opined that "when a defendant violates the conditions of his supervised release, it makes sense that a court must consider the forward-looking ends of sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the backward-looking

purpose of retribution." *Id.* The Court in *Esteras* declined to weigh in on whether retribution for violating the conditions of supervised release is a permissible consideration in imposing a sentence upon revocation. *Id.* at 194 n.5.

Earlier, in *Tapia v. United States*, 584 U.S. 319 (2011), the Supreme Court had addressed whether a district court could take into account rehabilitation in deciding whether to revoke a term of supervised release or whether to impose a term of imprisonment for a violation of supervised release. It held that the "text, context, and history point to the same bottom line: [§] 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Id.* at 327.

Mr. Ford contends that the district court improperly imposed a five-year term of supervised release—a term that the parties and the probation office did not request—"based primarily on a desire to punish [him], a purpose prohibited by *Tapia*" and now *Esteras*. *See* Appellant's Br. at 9.

The district court explained its imposition of the five-year term of supervised release with these words:

> I am not following the recommendation of terminating supervised release because Mr. Ford has not demonstrated any ability to follow the terms of supervised release. The idea that we reward that behavior by just cutting him loose makes zero sense to me. There are many, many reasons why we have supervised release and testing for drugs is just one of them. It provides a structure to make sure that someone

who is coming off of a period of incarceration has the tools and resources they need to succeed and to avoid re-offending.

Certainly, as Ms. Joshi rightly points out, housing and employment and all of those things are good indicators that someone is not going to re-offend. But clearly Mr. Ford has not demonstrated an ability to do that because he started violating his conditions within months of being released and it shows to me a demonstration that he does not respect the court, certainly not probation in the way that he has presented himself by not communicating with probation about his whereabouts, leaving the district without permission, changing his residence without notification and then, of course, above all else, committing a serious felony while on supervised release. Not only committing it, but also involving other people and recruiting other people in that felony behavior.

Those are not good signs for Mr. Ford's future and so I hope this period of incarceration that you have now spent in Indiana State custody and now that you will spend here will get you on the right track; otherwise, you're going to be right back in this courtroom. When you are released and are back on supervised release for those 5 years, if you have another violation, you're going to come right back in front of me and we're going to go through this over and over again. It's really up to you on whether you want to change the direction that you've been headed for all of these years.

D.E. 98 at 17-18.

We've held "that *Tapia* error occurs where the district court *considers* rehabilitation when crafting a sentence of imprisonment." *United States v. Vandergrift*, 754 F.3d 1303, 1310 (11th Cir. 2014). As we read its explanation, the district court reasoned that (1) the fact that Mr. Ford did not have any positive drug tests was not determinative because supervised release is also meant to provide structure for a person who has been released from custody; (2) supervised release provides a person like Mr. Ford with the tools and resources needed to reintegrate; (3) Mr. Ford did not demonstrate an ability to follow the terms of supervised release, and the five-year term of supervised release provided him with incentive to comply.

We assume without deciding that the district court plainly erred under *Tapia* and/or *Esteras* because it mentioned Mr. Ford's failure to comply with the terms of his initial supervised release term, and warned that future violations would put him back before the court. Nevertheless, Mr. Ford is not entitled to reversal because he has not shown that the error affected his substantial rights. The court provided other reasons for the five-year term of supervised release, such as providing Mr. Ford a needed structure after being released from custody, and it is significant that Mr. Ford had served less than two years of his initial ten-year supervised release term when he violated its conditions. *See* D.E. 98 at 4. As we explained in *United States v. Alberts*, 859 F.3d 979 (11th Cir. 2017), "[i]n order to affect a defendant's substantial rights, an error 'must have affected the outcome of the district court proceedings.' A

defendant cannot show that his substantial rights were impacted if his 'rehabilitative needs clearly constituted only a minor fragment of the court's reasoning.'" *Id.* at 986 (citation omitted).

## III

We ordinarily review the legality of a sentence under the Eighth Amendment de novo. *See United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012), *abrogated on other grounds as recognized by United States v. Rothenberg*, 923 F.3d 1309, 1336 (11th Cir. 2019). But if a defendant fails to object on Eighth Amendment grounds before the district court, we review only for plain error. *See id.*

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle. *See United States v. Flanders*, 752 F.3d 1317, 1342 (11th Cir. 2014). A reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed. *See id.* If it is grossly disproportionate, the court must then consider sentences imposed on others convicted of the same crime. *See id.*

Generally, sentences within the statutory limits are neither excessive nor cruel and unusual under the Eighth Amendment. *See United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (holding that a 140-year sentence for producing and distributing child pornography was not disproportionate because the sentence was within the statutory limits). We have stated that we have never

found a non-capital sentence of an adult to violate the Eighth Amendment. *See United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2014).

Here, the district court's five-year term of supervised release did not plainly violate the Eighth Amendment. Mr. Ford admitted to several violations of his supervised release, including (a) committing another felony (forgery), (b) leaving the district without the permission of the probation officer, (c) being stopped for speeding, and (d) not notifying the probation officer of being questioned by law enforcement or of a change of address or employment. *See* D.E. 98 at 4-7. The five-year supervised release term was less than the statutory limit of nine years (ten years minus the one year and a day of imprisonment) and was not grossly disproportionate to Mr. Ford's various violations.

Although Mr. Ford argues that the five-year term of supervised release placed him in a punitive cycle that was the equivalent of a life sentence, *see* Appellant's Br. at 13-14, the record does not support that contention. First, as noted, Mr. Ford had served less than two years of his initial ten-year supervised release term when he committed the violations that resulted in revocation of that term. Second, Mr. Ford was 49 at the time of the revocation hearing, *see* D.E. 98 at 14, and would be 56 when he finished serving the imprisonment sentence of a year and a day and the five-year term of supervised release. That is not the equivalent of a life sentence in the criminal justice system.

## IV

We affirm the district court's imposition of a five-year term of supervised release on Mr. Ford.

**AFFIRMED.**