**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-14202

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DARRYL KING,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:12-cr-00033-RH-GRJ-1

————————————————

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Darryl King appeals the District Court's denial of his pro se motion for a sentence reduction. We affirm.

## I.

King has an extensive criminal history. In 1989, a Florida court convicted King on armed robbery and sentenced him to three and a half years in custody. In September 1995, a Florida court convicted King of two counts of selling a controlled substance and one count of possessing cocaine, for which the court sentenced him to two years of probation. In October 1995, a Florida court convicted King of two counts of selling a controlled substance and sentenced him to two years of probation. In 1996, a Florida court convicted King of three counts of selling a controlled substance, for which he received twenty-three months in custody. In 2002, a Florida court convicted him of two offenses stemming from two separate incidents: one for trafficking in cocaine and the other for possessing cocaine with intent to sell or deliver. These offenses violated the terms of King's probation, and the Florida court sentenced him to fifteen years' imprisonment.

In June 2012, a federal grand jury indicted King for conspiring to distribute cocaine, possessing a firearm in furtherance of a drug trafficking offense, and possessing a firearm in and affecting interstate commerce as a felon, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to these charges.

The probation officer initially calculated King's guideline imprisonment range at 188 to 235 months based on the total offense level of 31 and a criminal history category of IV. The officer

adjusted this guideline range to 248 to 295 months based on King's mandatory 60-month consecutive sentence for possessing a firearm during a drug trafficking offense. *See* 18 U.S.C. § 924(c)(1)(A)(i). Then, after determining that King was subject to an Armed Career Criminal Act enhancement and a career offender enhancement, the probation officer further increased this range to 262 to 327 months.

In February 2013, the District Court adopted the probation officer's lowest recommendation and sentenced King to 262 months of incarceration followed by six years of supervised release.

In February 2014, King moved the District Court for relief from his judgment of conviction under 28 U.S.C. § 2255. The District Court denied King's motion and denied him a certificate of appealability.

In September 2023, King moved the District Court for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Liberally construed, King's motion asserts that the government obtained his federal conviction in violation of the Federal Rules of Criminal Procedure and the United States Constitution.

In December 2023, the District Court denied King's motion. The District Court construed the motion as requesting relief under both under § 2255 and § 3582(c)(1)(A). First, the District Court held that it did not have jurisdiction under § 2255 because King previously moved for § 2255 relief. Even if it had jurisdiction, the Court noted, it would have denied King's procedural and constitutional claims on the merits. Second, under § 3582(c)(1)(A), the District Court found that King identified no extraordinary and compelling

reasons for a sentence reduction. He was properly deemed an armed career criminal, and his sentence was at the low end of the guideline range.

King now appeals the District Court's denial of a sentence reduction under § 3582(c)(1)(A).

## II.

This Court reviews a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). This Court cannot reverse a district court's decision simply because we might have reached a different conclusion. *Id.* at 912. Rather, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, makes clearly erroneous factual findings, or commits a clear error of judgment. *Id.* at 911–12.

## III.

A district court has no inherent authority to modify a prisoner's sentence and may do so only when authorized by statute or rule. *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). Upon the motion of a prisoner who has fully exhausted his administrative rights, a district court may reduce a term of imprisonment if: (1) the 18 U.S.C. § 3553(a) factors favor a reduction; (2) "extraordinary and compelling" reasons warrant a reduction; and (3) a reduction aligns with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A)(i).

We agree with the District Court that King cannot identify an extraordinary and compelling reason for a sentence reduction.

Accordingly, we need not discuss 18 U.S.C. § 3553(a) or Sentencing Commission policy statements.

Congress tasked the United States Sentencing Commission with defining extraordinary and compelling reasons for a sentence reduction. 28 U.S.C. § 994(t). The Commission identified several such reasons under 18 U.S.C § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13. One such reason—the reason that King relies on—is an "unusually long sentence." U.S.S.G. § 1B1.13(b)(6). To qualify, a prisoner must: (1) have served at least 10 years of the term of imprisonment; (2) identify a relevant change in the law; and (3) show that such change in the law produced a gross disparity between the prisoner's current sentence and a sentence likely to be imposed at the time the motion is filed. *Id.*

By the date of his motion, King satisfied the first U.S.S.G. § 1B1.13(b)(6) prong because he had served nearly twelve years. So, his appeal must identify a change in the law that produced a gross sentencing disparity.

On appeal, King identifies four such changes he believes produce a gross sentencing disparity under U.S.S.G. § 1B1.13(b)(6).[1] First, King asserts that § 401(a) of the First Step Act replaced "felony drug offense" under 21 U.S.C. § 841(b)(1) with "serious drug

---

[1] In his reply brief, King also argues that the District Court erred by considering his probation violation under the Armed Career Criminal Act. Despite construing pro se filings liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), this Court will not consider issues first raised in a reply brief, *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).

felony." Second, he contends that, if he were resentenced, he would not be subject to an armed career criminal enhancement because he did not serve more than a year and a day for any of his qualifying convictions. Third, he argues that possession of a controlled substance is no longer a predicate offense for the purposes of an armed career criminal enhancement. And fourth, King argues that the District Court failed to sua sponte consider whether he is entitled to a sentence reduction under recent Supreme Court and Third Circuit precedent. We discuss each assertion in turn.

*A.*

King argues that the First Step Act amended 21 U.S.C. § 841(b)(1) by replacing "felony drug offense" with "serious drug felony." While the First Step Act did amend the Controlled Substance Act, this amendment does not govern either the Armed Career Criminal Act or the Sentencing Guidelines. This amendment does not affect King's sentencing.

The First Step Act amended portions of the Controlled Substances Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5220 (2018). Specifically, it amended the Controlled Substances Act's definition of a "serious drug felony," which now requires the offender to have "served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(58).

But the Armed Career Criminal Act and the Sentencing Guidelines define their own terms. Under the Armed Career Criminal Act, a "serious drug offense" does not require a defendant serve any length of time. *See* 18 U.S.C. § 924(e)(2)(A)(ii) (defining a

"serious drug offense" as one "for which a maximum term of imprisonment of ten years or more is prescribed by law"). Similarly, in its definition of a "controlled substance offense," the Sentencing Guidelines do not require that a defendant serve any period of incarceration. *See* U.S.S.G. § 4B1.2(b)(1) (defining a "controlled substance offense" as one that is "punishable by imprisonment for a term exceeding one year").

In short, while the First Step Act amended the requirements for certain Controlled Substances Act enhancements, it did not amend the criteria for Armed Career Criminal Act enhancements or career offender enhancements. In fact, the relevant Armed Career Criminal Act and career offender criteria remain the same today as they were at the time of King's sentencing. *See* 18 U.S.C. § 924(e) (2013); U.S.S.G. §§ 4B1.1(a), 4B1.2(a), (b) (2012). Thus, King's assertion is not an accurate statement of the law and cannot justify his release under U.S.S.G. § 1B1.13(b)(6).

*B.*

King claims that, if resentenced today, he would not be resentenced as an armed career criminal because he did not serve more than a year and a day for his qualifying convictions. Yet King qualifies for an armed career criminal enhancement today, as he did when he was sentenced.

The Armed Career Criminal Act provides that a defendant shall be imprisoned for at least fifteen years when the defendant: (1) violates 18 U.S.C. § 922(g); and (2) has three previous convictions for a "violent felony" or a "serious drug offense" committed

on separate occasions. 18 U.S.C. § 924(e)(1). Under this Act, a "violent felony" includes any crime with an element of the "use, attempted use, or threatened use of physical force against the person of another" punishable by an imprisonment term greater than one year. 18 U.S.C. § 924(e)(2)(B)(i). A "serious drug offense" includes a state offense involving "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" punishable by ten years' imprisonment or more. 18 U.S.C. § 924(e)(2)(A)(ii). These provisions have not changed since February 2013, when King was sentenced. *See* 18 U.S.C. § 924(e) (2013).

King qualifies for the same enhancement today as he did at sentencing. King pleaded guilty to 18 U.S.C. § 922(g). All six of his prior convictions were either violent felonies or serious drug offenses. King was sentenced to more than one year for his violent felony and more than ten years for two of his serious drug offenses. More, the law has not changed since his conviction. The length of King's prior sentences cannot justify his release.

## C.

King also argues that possession of a controlled substance is no longer a predicate offense for the purposes of an Armed Career Criminal Act enhancement. Indeed, at the time of King's sentencing, the Armed Career Criminal Act did not define mere possession to constitute a qualifying offense. *See* 18 U.S.C. § 924(e)(2)(A)(ii) (2013) (defining a "serious drug offense" to include a state offense "possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten

years or more is prescribed by law"). Today, this provision remains the same. *See* 18 U.S.C. § 924(e)(2)(A)(ii) (2025).

But none of King's qualifying drug convictions involved mere possession. Instead, they involved either selling, trafficking, or possessing with intent to sell a controlled substance, any of which satisfy the Armed Career Criminal Act criteria. So, King's third assertion cannot provide him a path to compassionate release.

*D.*

King argues that the District Court failed to sua sponte consider whether he is entitled to a sentence reduction under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022), *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024), and *Range v. Att'y Gen. United States*, 124 F.4th 218 (3d Cir. 2024).

Because King makes this argument for the first time on appeal, this Court can only review this challenge for plain error. *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020). Under this standard, an appellant must show that an error occurred, it was plain, it affected the appellant's substantial rights, and it seriously impeded the judicial proceeding's fairness. *United States v. Pena*, 684 F.3d 1137, 1151 (11th Cir. 2012).

In *Bruen*, the Supreme Court held that a New York law violated the Second Amendment when the law conditioned concealed carry permits on a showing of proper cause, and the Court clarified the proper test for Second Amendment challenges. 597 U.S. at 11–13, 24, 71, 142 S. Ct. at 2122–24, 2130, 2156. In *Rahimi*, the Supreme Court held that 18 U.S.C. § 922(g)(8), which prohibits individuals

subject to a domestic violence restraining order from possessing firearms, did not facially violate the Second Amendment under *Bruen*. 602 U.S. at 692–700; 144 S. Ct. at 1897–1903. And, in *Range*, which concerned an as-applied constitutional challenge to the felon-in-possession statute, 18 U.S.C. § 922(g)(1), the Third Circuit held that the government had failed to meet its burden of showing that § 922(g) was constitutional as applied to the plaintiff. 124 F.4th at 228–32.

King has shown no error in the District Court's decision not to consider whether *Bruen*, *Rahimi* or *Range* entitled him to a sentence reduction. Indeed, *Bruen* and *Rahimi* were Second Amendment cases that did not establish any rules specifically addressing Armed Career Criminal Act or career offender enhancements, and *Range* is not precedential to this Court. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."). Neither *Bruen*, *Rahimi*, nor *Range* affect King's enhancements. The District Court made no error, so King can show no plain error.

## IV.

King has not identified a relevant change in the law leading to a gross sentencing disparity, so he fails to show an extraordinary and compelling reason for sentence reduction. Because this forecloses King's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), we need not discuss the 18 U.S.C. § 3553(a) factors

24-14202              Opinion of the Court                    11

or the Sentencing Commission policy statements. The District Court did not abuse its discretion in denying King's motion. Accordingly, we affirm.

**AFFIRMED.**